## STEPHEN T. GIMMESON
### v.
## J. M. BUTLER ET AL.

INSTRUCTIONS—NUDUM PACTUM.—Where a note was given for $26 and afterward there was an agreement, without consideration, that the principal might make payment in work, and suit was brought on the note and the court instructed the jury that if it was the agreement and understanding that the note was to be paid in labor, then before plaintiff could recover he must show that he demanded the performance of the labor, and that there was a refusal on the part of defendant to perform it, and in the absence, etc. *Held*, that this instruction was erroneous. The agreement at most was a mere *nudum pactum*, and moreover by its very terms was a privilege or permission accorded the payor, and the duty of availing himself of it devolved upon him.

APPEAL from the County Court of Wayne county; the Hon. JOHN KEEN, Jr., Judge, presiding. Opinion filed April 13, 1883.

Mr. G. J. GEORGE and Mr. A. M. FUNKHOUSER, for appellant; that the most that can be claimed by defendant is that it was a note for the payment of money with the privilege to the defendant to discharge it in labor, in which case no demand is necessary, cited Borah v. Curry, 12 Ill. 65.

BAKER, P. J. Appellant sued appellees on a note for $26, and the case was tried before a justice of the peace, and afterward, on appeal, tried again, in the county court. The latter trial resulted in a verdict and judgment in favor of the makers of the note.

It appears the appellee, John H. Butler, was principal, and James M. Butler, the other appellee, security on the note. Said John H. testified it was, some time after the note was given, the understanding and agreement between himself and appellant that he was to be allowed to pay the same in work.

The court thereupon instructed the jury, that if it was the agreement and understanding the note was to be paid in labor, then before the plaintiff could recover, he must show that

he demanded the performance of the labor, and that there was a refusal on the part of the defendant to perform it, and that in the absence of such proof, they should find for the defendants. This instruction was erroneous. There does not appear to have been any consideration for the agreement to permit said John H. to make payment in work; it was at most a mere *nudum pactum*, binding on nobody, and, moreover, it was by its very terms a privilege or permission accorded the payor, and the duty of availing himself of it devolved on him.

There was also another defense urged against the note. Appellant admitted, by credits indorsed thereon, payments, by various items of labor, amounting to $12.32; but appellees claimed credits to the amount of $32.90. Among the credits thus claimed was one of $10, and the testimony of said John H. in regard to this item of account demonstrated it was unjust, manufactured and fraudulent. The instructions given by the court with reference to this item were not based on the evidence, and were erroneous and calculated to mislead the jury. Excluding this $10, or $9 of it, and even allowing all the other credits claimed by appellees, it is manifest appellant was still entitled to a verdict for several dollars.

The verdict of the jury was against the law and the evidence, and the motion for a new trial should have prevailed.

For the errors indicated the judgment is reversed and the cause remanded.

Reversed and remanded.